FILED
AUG 0 7 2009


CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL STATES FIRE APPARATUS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>MILLER RURAL FIRE PROTECTION ASSOCIATION, INC.,<br><br>Defendant. | Civil No. 09-4123<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Central States Fire Apparatus, LLC, (herein referred to as the "Plaintiff"), for its Complaint alleges as follows:

## PARTIES

1. Central States Fire Apparatus, LLC is a Delaware limited liability company and is authorized to transact business in the State of South Dakota (herein "Central States").

2. PlaintiffUpon information and belief, Miller Rural Fire Protection Association, Inc. (herein referred to as the "Defendant") is a Missouri nonprofit corporation.

## JURISDICTION AND VENUE

3. This Court's jurisdiction arises in accordance with 28 U.S.C. §1332(a), in that diversity of citizenship exists between Plaintiff and Defendant and the value of the requested relief in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. §1391.

## FACTS

5. Upon information and belief, at some time prior to the signing of the Contract (defined below), Defendant submitted an application to the Federal Emergency Management Agency ("FEMA") wherein the Defendant requested funding for the purchase of a pumper apparatus body and specified equipment for the manufacture of a fire truck. Defendant provided FEMA with a description of the specifications regarding the equipment it intended to purchase (herein referred to as the "FEMA Application").

6. Upon information and belief, at some time prior to the signing of the Contract (defined below), Defendant was awarded funds pursuant to its FEMA Application based on the description and specifications authored by Defendant.

7. Subsequent to the award of funds by FEMA, Defendant solicited responses to a request for proposals for a pumper apparatus body and specified equipment for a fire truck to be built pursuant to certain specifications. A copy of the initial request for proposal together with the specifications that accompanied the same are attached hereto and incorporated herein by reference as **Exhibit "A"** (herein referred to as the "RFP").

8. Upon information and belief, Defendant's FEMA Application was not provided or made available as part of the FEMA Application.

9. Defendant solicited a response from Plaintiff Central States Fire Apparatus, LLC, through its dealer, Max Fire Apparatus, Inc.

10. At the time Defendant solicited a response from Plaintiff, Defendant was aware that Plaintiff's corporate headquarters and manufacturing facility were located in South Dakota.

On or about March 17, 2009, Plaintiff submitted its response to the RFP and submitted a proposal for a Central States Pumper Apparatus Body and Specified Equipment for a total purchase price of Two Hundred Twenty-Six Thousand One Hundred Dollars and No Cents ($226,100.00) (herein referred to as the "Response to RFP"). A copy of the same is attached hereto and incorporated herein by reference as **Exhibit "B"**.

11. Upon information and belief, on or about March 25, 2009, Defendant accepted the Plaintiff's proposal to build a fire truck pursuant to the RFP specifications, signed the same and mailed the signed agreement to Plaintiff's main office in South Dakota.

12. On or about April 1, 2009, Plaintiff signed an agreement, which by the terms of the agreement, became the effective date of the agreement (herein referred to as the "Contract"). The fully executed copy of the Contract is attached as **Exhibit "C"**.

13. Upon information and belief, pursuant to FEMA procedure, Defendant was required to submit the signed Contract for the purchase of the fire truck and equipment to FEMA for final approval to ensure compliance with the initial FEMA Application.

14. Upon information and belief, FEMA determined that the fire truck and equipment that was specified by Defendant was inconsistent with the equipment that it had originally specified and described that it would be purchasing in the FEMA Application that it originally submitted.

15. After being notified by FEMA that the intended purchase pursuant to the Contract was inconsistent with the application that Defendant had submitted to FEMA, Defendant decided to modify the equipment and specifications for the fire truck and agreed to a change regarding the same. The modified specifications were done at the direction of Defendant. A copy of the modified specifications and change pertaining to the same are attached hereto and incorporated herein by reference as **Exhibit "D"** (herein the "Modified Specifications").

16. Plaintiff submitted the proposal which ultimately was accepted as the Contract in this matter, pursuant to the Modified Specifications.

17. Defendant unilaterally and without the assistance or direction of Plaintiff changed the type of fire truck and equipment that it intended to purchase.

18. Defendant did this at its own risk.

19. Plaintiff was not privy to, aware of, nor were they provided a copy of the initial FEMA Application submitted by Defendant.

20. After receiving the signed Contract, Plaintiff began constructing the pumper apparatus body and specified equipment in accordance with the specifications authored by Defendant.

21. Sometime after June 3, 2009, Defendant sent to Plaintiff an email and correspondence to Plaintiff in which Defendant expressed its desire to "drop their contract" with the Plaintiff. Attached as **Exhibit "E"** and incorporated by reference herein is a true and correct copy of said correspondence.

22. The explanation for the anticipatory breach of the Contract appeared to be that Defendant had found a less expensive truck with different options that it wanted to purchase.

23. Upon information and belief, Defendant has executed a contract to purchase a fire truck from a company other than Plaintiff.

## FIRST CAUSE OF ACTION
### (Specific Performance)

24. Plaintiff realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

25. The Contract is a valid and enforceable contract.

26. Plaintiff has fully performed all of the conditions of the Contract other than manufacture and delivery of the vehicle given Defendant's anticipatory breach of the Contract.

27. Defendant breached the Contract by sending the notice attempting to terminate the Contract.

28. Defendant has failed and refused to perform the terms and conditions of the Contract.

29. Plaintiff has no adequate remedy at law for remedying the Defendant's breach of contract.

30. Defendant should be compelled to perform its obligations pursuant to the Contract.

## SECOND CAUSE OF ACTION (In the Alternative)
### (Breach of Contract)

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

32. By notifying Plaintiff that they were not intending to follow through with the obligations of the Contract, the Defendant has breached the Contract by anticipatory repudiation.

33. Defendant has unequivocally indicated that the Defendant will not perform the Contract when performance is due, which constitutes an anticipatory repudiation.

34. The Defendant's anticipatory repudiation is allowed to be treated as an immediate breach of the Contract, and Plaintiff is allowed to sue for damages suffered.

35. As a proximate result of the Defendant's breach of the Contract, Plaintiff has been damaged in an amount to be determined at trial, which includes but is not limited to the amount of time and money spent in manufacturing an apparatus and specified equipment pursuant to the specifications required by Defendant.

WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. For an Order awarding Plaintiff specific performance of the Contract.

2. In the alternative, for judgment against Defendant in an amount to be determined at trial, including without limitation prejudgment interest, attorneys' fees and collection costs.

3. For such other and further relief as the Court deems just in the premises.

Dated this __7__ day of August, 2009.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

/s/
David L. Nadolski
Amy L. Arndt
Eric R. Kerkvliet
141 N. Main Ave., Suite 900
P.O. Box 2700
Sioux Falls, SD  57101-2700
Phone:  (605) 332-5999
Fax:     (605) 332-4249
dnadolski@lynnjackson.com
aarndt@lynnjackson.com
ekerkvliet@lynnjackson.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT

STATE OF SOUTH DAKOTA    :
                        :SS
COUNTY OF MINNEHAHA :

Harold Boer, being first duly sworn on oath, deposes and states that he is an individual residing in South Dakota, that he is the Chief Executive Officer of Central States Fire Apparatus, LLC, the above-named Plaintiff, and that in that capacity, has read the foregoing Verified Complaint, knows the contents thereof, and that the same is true of his own knowledge, except as to matters therein stated on information and belief, and as to those matters, he believes them to be true.

CENTRAL STATES FIRE APPARATUS, LLC

*/s/ Harold Boer*

By: Harold Boer
Its: Chief Executive Officer

Subscribed to and sworn before me on this 7th day of August, 2009.

*/s/ Pamela A. Fryer*

Notary Public – South Dakota

[SEAL]                                My commission expires: 12/20/2012

6