

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CENTRAL STATES FIRE APPARATUS, LLC, | \* | CIV. 09-4123 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| vs. | \* | AND ORDER RE: MOTION |
| | \* | TO DISMISS |
| MILLER RURAL FIRE PROTECTION ASSOCIATION, INC., | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Central States Fire Apparatus, LLC (Central States), a Delaware limited liability company authorized to transact business in the State of South Dakota, brought this diversity action against Defendant Miller Rural Fire Protection Association, Inc. (Miller Fire Department), a volunteer fire department located in Miller, Missouri. Central States' Verified Complaint alleges a cause of action for specific performance, and in the alternative, for breach of contract based on an anticipatory breach of contract for the manufacture and sale of a fire truck. Pending before the Court is Miller Fire Department's Motion to Dismiss (Doc. 6) which alleges that this Court has no personal jurisdiction over Miller Fire Department, and that Central States has filed this action in an improper venue pursuant to federal law.

## FACTUAL BACKGROUND

Since this Court is determining the outcome of the motion to dismiss for lack of personal jurisdiction based on the pleadings and affidavits, the Court will consider the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of the nonmoving party. *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). Cental State's corporate headquarters and manufacturing facility are located in Lyons, South Dakota. Miller Fire Department, which is located in Miller, Missouri, became engaged in a bidding process to obtain bids for a new fire truck it wished to purchase with funds obtained by a federal grant program administered through the Federal Emergency Management Agency (FEMA). In November of 2008,

Jack Graves, an employee of Central States' dealer, Max Fire Apparatus, Inc., which is located in Castle Rock, Colorado, contacted Miller Fire Department by speaking to the Board President at that time, Stephen Jones. Graves offered to have Central States design and manufacture a custom fire truck for Miller Fire Department. Graves gathered information from Miller Fire Department's Board members in order to put together a quotation for the custom fire truck the Board was seeking. Graves E-mailed a quotation and later E-mailed an amended quotation to the Vice President of Miller Fire Department's Board, and over the next two months the parties engaged in negotiations regarding the price and options for the fire truck.

On March 17, 2009, Central States responded to Miller Fire Department's request for a proposal by submitting a proposal and contract in which it offered to build a Central States Pumper Apparatus Body and Specified Equipment for $226,100. This document was printed on stationery that lists three address: the Lyons, South Dakota address for the Central Division; a Wyoming, Minnesota address for the General Division; and a Fremont, Nebraska address for RK Aerials, LLC. Brochures that Central Plains contends were provided to Miller Fire Department list the same three addresses for a business or product called Rosenbauer Firefighting Technology.

The estimated delivery time for the completed fire truck was set forth in the proposal and contract as being 325 days after the contract was approved and executed by Miller Fire Department. The contract stated that it was being proposed by "an officer of Central States Fire Apparatus, LLC, a division of Rosenbauer America" and was submitted by "DEALER Max Fire Apparatus," and initially signed by Max Fire Apparatus Sales Representative, Jack P. Graves, on March 17, 2009. On March 25, 2009, with the signatures of its President and Vice President, Miller Fire Department accepted the proposal dated March 17, 2009. After Miller Fire Department entered into the contract the Chief Executive Officer of Central States Fire Apparatus, Harold Boer, signed the document on April 1, 2009. His signature appears after the following statement: "After company receipt of this document signed by the Buyer, the document will be reviewed and upon approval, countersigned by the Company putting the document in force."

Central States alleges in its verified Complaint that at the time Miller Fire Department solicited a response from Central States, Miller Fire Department was aware that Central States' corporate headquarters and manufacturing facility were located in South Dakota. Central States also

alleges in its Verified Complaint that after Miller Fire Department accepted Central States' proposal on March 25, 2009, Miller Fire Department mailed the signed agreement to Central States' main office in South Dakota. In supporting affidavits Miller FireDepartment's current board members state that Miller Fire Department has no operations outside the state of Missouri, and that Miller Fire Department had no direct communication with Central States relating to the negotiation or execution of the contract in issue. It is undisputed that no individuals acting on behalf of Miller Fire Department traveled to South Dakota for the negotiation or execution of the contract in issue. Central States' CEO states in his affidavit, however, that during the negotiation process Miller Fire Department was informed that a pre-construction conference would take place in South Dakota at the factory.

After the contract was executed for the fire truck, Miller Fire Department was required to submit the contract to FEMA to ensure compliance with the initial FEMA application. After FEMA determined and notified Miller Fire Department that the fire truck and equipment that was specified in the contract was inconsistent with the equipment that Miller Fire Department had originally specified in the initial FEMA application, Miller Fire Department decided to modify the equipment and specifications for the fire truck. Miller Fire Department submitted modified specifications which were accepted by Central States. Central States began construction of the equipment in accordance with the specifications. However, in an E-mail sent some time on or after June 3, 2010, to the address of Rparker@rosenbauer.com Attn: John Wickert, the President and Vice President of Miller Fire Department's Board advised that "FEMA has told us that the only option we have is to drop our contract with you. And we wish to do so." The E-mail further advised that another company had trucks already built that could be purchased for considerably less money than the contract price of the one that was the subject of the parties' contract. Miller Fire Department contracted to purchase a fire truck from another company and Central States commenced this action.

### WHETHER THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT MILLER FIRE DEPARTMENT?

General Principles

The determination of whether a court has personal jurisdiction over a defendant is normally a two-step analysis. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas,*

*S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the applicable state long-arm statute, S.D.C.L. § 15-7-2,[1] must be satisfied, and second, the Court's exercise of jurisdiction must comport with due process. *Id.* South Dakota construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause. *Dakota Indus., Inc. v. Ever Best Ltd*, 28 F.3d 910, 915 (8th Cir. 1994). As such, the analysis collapses into one step: the due process analysis.

Due process allows a Court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice, and if the defendant has sufficient "minimum contacts" with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The nonresident defendant's conduct and connection with the forum state must be such that he "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

To evaluate personal jurisdiction under the due process clause, the Court must consider five factors: (1) the nature and quality of the defendant's contacts with South Dakota; (2) the quantity of its contacts with this state; (3) the relation of the cause of action to the contacts; (4) the interest of South Dakota in providing a forum for its residents; and (5) the convenience of the parties. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Land-O-Nod Co.*

---

[1] S.D.C.L. § 15-7-2 provides in relevant part:
Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, through an agent or through a subsidiary, of any of the following acts:

(1) The transaction of any business within the state;

. . .

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state by such person;

. . .

(10) Entering into negotiations with any person within the state with the apparent objective of contracting for services to be rendered or materials to be furnished in this state;

. . .

(14) The commission of any act, the basis of which is not inconsistent with the Constitution of this state or with the Constitution of the United States.

*v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). The latter two issues are secondary and of less importance than the first three factors. *Id.* Because the first three factors are closely interrelated, the Court may consider them together. *Id.* The Court should consider the defendant's contacts with the forum in the aggregate; the Court should look at the totality of the circumstances. *Id.* When judging minimum contacts, a court should focus on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Jurisdiction may be specific or general. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994) (*quoting Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993)). The case at hand involves specific jurisdiction. When the Court considers whether it has specific jurisdiction over a nonresident defendant, due process is satisfied if "'the defendant 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *Wessels, Arnold & Henderson v. National Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)(citations omitted)). In addition, the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

While Cental States ultimately bears the burden of proof on the issue, personal jurisdiction need not be proved by a preponderance of the evidence until trial or evidentiary hearing. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). To survive the motion to dismiss, Cental States must make a prima facie showing of personal jurisdiction. This prima facie showing must be tested, not by the complaint alone, but by the affidavits and exhibits presented with the motion to dismiss and in opposition to the motion to dismiss. *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259-260 (8th Cir. 1974). When conclusory allegations in a complaint are contested and no factual foundation is supplied, the conclusory allegations are insufficient to confer personal jurisdiction over a nonresident defendant. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d

5

1070, 1072-1073 (8th Cir. 2004).

Nature and Quality of the Defendant's Contacts with South Dakota

The Eighth Circuit Court of Appeals has recognized that "solicitation by a nonresident purchaser for delivery outside the forum state is a more minimal contact than that of a (nonresident) seller soliciting the right to ship goods into the forum state." *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982)(quoting *Aaron Ferer & Sons Co. v. Diversified Metals*, 564 F.2d 1211, 1214 (8th Cir. 1977); *see also, Tiger Mfg. Corp. v. Loadstar Material Handling, Eqiup., Ltd.*, 341 F.Supp.2d 1107, 1112 (W.D. Mo. 2004).

For the most part, Cental States' dealer, Max Fire Apparatus, which is located in Colorado, administered and communicated the bids and negotiations between Central States and Miller Fire Department. No officer or employee of Miller Fire Department ever entered South Dakota. Miller Fire Department contacted Central States in South Dakota by telephone, facsimile and mail. However, the use of interstate facilities and a provision for delivery of goods within the forum state are considered secondary or ancillary factors which cannot alone provide the "minimum contacts" required by due process for the exercise of personal jurisdiction over a nonresident defendant. *See Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d at 314 (citing *Lakeside Bridge & Steel Co., Inc. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 603-04 & n.14 (7th Cir. 1979)). In the *Scullin Steel Co.*, and *Lakeside Bridge & Steel Co.* cases, the courts held that a nonresident buyer with contacts in the forum state similar to those in the case at hand did not have sufficient contacts for the forum state to exercise personal jurisdiction over the nonresident buyer.

The C.E.O. of Central States represents in his affidavit that Miller Fire Department was informed that a pre-construction conference would take place in South Dakota at Central States' factory, that had Miller Fire Department honored the contract with Central States, Miller Fire Department would have been required to visit Central States' manufacturing plant at least once during the manufacturing process, and that a final inspection of the equipment would have taken place in South Dakota. The contract and brochures are not clearly instructive on the location of the manufacturing facility and corporate headquarters of Central States and these documents constitute weak evidence of a defendant purposefully availing itself of the privilege of conducting activities within South Dakota. Although Miller Fire Department has submitted affidavits in which its board

members deny knowing that Central States was located in South Dakota, for purposes of deciding the motion to dismiss, the Court will accept as true Central States' assertion that Miller Fire Department knew that the manufacturing of the fire truck and equipment would take place in South Dakota. However, foreseeability of impact within a forum state alone is insufficient to satisfy due process concerns in exercising personal jurisdiction over a nonresident defendant. *See Mountaire Feeds, Inc. v. Agro Impex, S. A.*, 677 F.2d 651, 655-56 (8th Cir. 1982)(citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 295). In addition, unilateral performance of a contract by a seller in a forum state is not alone sufficient to support the exercise of personal jurisdiction over a nonresident buyer. *See Mountaire Feeds, Inc.*, 677 F.2d at 655. The nature and quality of Miller Fire Department's contacts with South Dakota does not support the exercise of personal jurisdiction over Miller Fire Department by this Court.

Quantity of Contacts Within Forum State

The quantity of Miller Fire Department's contacts within South Dakota does not support the exercise of personal jurisdiction by this Court. The contacts between the parties were in connection with one contract which was not fully performed. There was no course of dealing between the parties and no evidence of any other activity by Miller Fire Department within South Dakota.

Relation of Cause of Action to Contacts

Although Miller Fire Department's contacts with South Dakota were scant, they were related to the cause of action in this case. The contacts, however, do not establish that Miller Fire Department "purposefully directed" its activities at residents of South Dakota.

South Dakota's Interest in Providing a Forum for its Residents

Central States is a Delaware limited liability company which is authorized to do business in South Dakota and which has a manufacturing facility and corporate headquarters in South Dakota. South Dakota, through its long-arm statute, has expressed an interest in providing a forum for disputes concerning contracts for products to be manufactured within South Dakota. *See* S.D.C.L. § 15-7-2 (1), (5) and (10). However, this factor is less significant than the factors previously discussed in determining whether due process allows this Court to exercise personal jurisdiction over a nonresident defendant.

The Convenience of the Parties

Given the history of the negotiation of the contract in issue, the performance of such contract which was never completed, the Court does not believe that consideration of the convenience of both parties favors exercising jurisdiction by this Court. Even if the Court were to determine that it would be more convenient for Central States to litigate its claim in South Dakota, convenience of the parties is a less substantial factor which is not determinative on the issue of personal jurisdiction.

After considering the totality of the circumstances, the applicable law and specific factors for evaluation, this Court determines that due process considerations preclude it from having jurisdiction in this case. Accordingly,

**IT IS HEREBY ORDERED** that Central States' motion to dismiss for lack of personal jurisdiction (Doc. 6) is granted and this case will be dismissed without prejudice.

Dated this 15th day of February, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Summer Wahpud_
Deputy

8